UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
IN RE EDNY CATHODE RAY TUBE                                 :
    ANTITRUST CASES                     :    **<u>MEMORANDUM DECISION</u>**
                                                            :    **<u>AND ORDER</u>**
                                                            :
                                                            :    17-CV-04504-BMC
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

      These matters, formerly member cases in the <u>In re Cathode Ray Tube Antitrust Litigation</u> multidistrict litigation ("MDL") in the Northern District of California (the "CRT MDL"), have been remanded to this Court for trial purposes following the resolution of all pre-trial matters in the CRT MDL Court. The remaining defendants move this Court to reconsider, pursuant to Federal Rule of Civil Procedure 54(b), the CRT MDL court's denial of defendants' summary judgment motions.[1] The Court assumes the parties' familiarity with the facts and procedural posture.

      Federal Rule of Civil Procedure 54(b) provides that an order "that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Motions under Rule 54(b) are subject to the law of the case doctrine." <u>McGee v. Dunn</u>, 940 F. Supp. 2d 93, 99 (S.D.N.Y. 2013).

      "The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case

---

[1] Defendants filed letters in 17-cv-02365; 17-cv-02368; 17-cv-02363; 17-cv-03283;17-cv-03285; and17-cv-03409, requesting that this Court reconsider the CRT MDL's denial of their summary judgment motions. Those letters were filed prior to the July 20, 2017 consolidation of those cases into the current docket. The letter requests are considered here as motions and are jointly decided.

unless cogent and compelling reasons militate otherwise." Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotations omitted). Accordingly, earlier decisions in a case "may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotations omitted).

The law of the case doctrine applies with equal or heightened force to decisions made by an MDL transferee court. See Deutsch v. Novartis Pharm. Corp., 768 F. Supp. 2d 420, 428-29 (E.D.N.Y. 2011). In Deutsch, Judge Spatt noted that "it is well-established that '[o]rders issued by a federal transferee court remain binding if the case is sent back to the transferor court.'" Id. at 428–29 (quoting In re Zyprexa Prods. Liab, Litig., 467 F. Supp. 2d 256, 273 (E.D.N.Y. 2006)); see also Aramony v. United Way of Am., 254 F.3d 403, 410 (2d Cir. 2001) (discussing the law-of-the-case doctrine in general). The transferor court may only revisit a transferee court's decision in "exceptional cases." Deutsch, 768 F. Supp. 2d at 429 (citing Manual for Complex Litigation § 20.133) ("Although the transferor judge has the power to vacate or modify rulings made by the transferee judge, subject to comity and 'law of the case' considerations, doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings."). A transferor court's reversal of an MDL court's decisions "undermine[s] the purpose of the [MDL] Act, which authorizes the coordinated and consolidated pretrial proceedings of civil actions involving one or more common issues of fact for the convenience of parties and witnesses and to promote the just and efficient conduct of such actions. Id. (internal quotations and alterations omitted).

Defendants here do not allege "an intervening change of controlling law," "new evidence," or "the need to correct a clear error." Instead, they claim that reconsideration is called for because "[t]he orders in question each raise fundamental legal issues that would be decided differently under Second Circuit authority." This argument is unavailing.

As the transferee court, the CRT MDL Court properly applied Ninth Circuit interpretation of federal issues to its analysis of the motions before it. See Menowitz v. Brown, 991 F.2d 36, 40 (2d Cir. 1993) (the transferee court should apply its own interpretation of law to issues before it); In re: Gen. Motors LLC Ignition Switch Litig., No. 14-MC-2543, 2016 WL 3920353, at *11 (S.D.N.Y. July 15, 2016) (holding that the Circuit precedent of the transferee court, not the transferor court, is applicable to questions of federal law in cases transferred pursuant to 28 U.S.C. § 1407). The CRT MDL Court was not bound by Second Circuit interpretations of the issues before it. A transferee court should decide questions before it "without deferring to the interpretation of the transferor circuit." In re Pan Am. Corp., 950 F.2d 839, 847 (2d Cir. 1991) (internal quotations omitted).

In the MDL context, even when the transferor court to which a case is remanded applies a different interpretation of law to a question before the transferee court, the transferee court's interpretation should have binding effect as "law of the case, for if it did not, transfers under 28 U.S.C. § 1407 could be counterproductive, *i.e.,* capable of generating rather than reducing the duplication and protraction Congress sought to check." In re Korean Air Lines Disaster of Sept. 1, 1983, 829 F.2d 1171, 1176 (D.C. Cir. 1987). "If this were not true, and transferor courts were free to readjudicate issues determined by transferee courts, transfers pursuant to 28 U.S.C. § 1407 could become meaningless exercises perpetuating the very duplication they were designed to eliminate." In re Korean Air Line Disaster of Sept. 1, 1983, 664 F. Supp. 1488, 1489–90

(D.D.C. 1987).  See also In re Air Crash off Long Island, N.Y. on July 17, 1996, 965 F. Supp. 5, 8 (S.D.N.Y. 1997) (noting favorably that the Korean District Court "rejected an argument that because the cases were transferred to the district court for limited pretrial purposes, after which the cases would be remanded to the transferor district, it was inappropriate for the transferee court to create a conflict between the law of the case and the law of the transferor circuit.").

The CRT MDL Court properly applied the Ninth Circuit's interpretation of federal law.  It would be inimical to the purpose of the MDL statute for this Court to relitigate decisions made by the CRT MDL Court, simply because the courts sit in different circuits.  The decisions of the CRT MDL Court are law of the case.  Absent "an intervening change of controlling law," "new evidence," or "the need to correct a clear error," this Court declines to revisit the decisions rendered by the CRT MDL Court.  This Court is not a "court of second chances." Costco Wholesale Corp. v. AU Optronics Corp., 2014 WL 4540068, at *2 (W.D. Wash. Sept. 11, 2014).

Defendants' motions for reconsideration are denied.

**SO ORDERED.**

Dated: Brooklyn, New York
       September 29, 2017

U.S.D.J.